HORTON *v.* UNIVERSAL LIFE INSURANCE COMPANY.

4-7659                                              187 S. W. 2d 544

Opinion delivered May 21, 1945.

*H. S. Grant,* for appellant.

*C. M. Erwin,* for appellee.

GRIFFIN SMITH, Chief Justice. Answer was filed to the plaintiff's suit for $1,000 to compensate damages alleged to have been sustained when the Insurance Company cancelled a policy. The Court permitted the answer to be withdrawn and a demurrer substituted, then sustained the demurrer. The plaintiff insists (a) that the procedure was an abuse of judicial discretion, and (b) the complaint stated a cause of action.

The policy, written February 22, 1943, guaranteed Henry Horton, husband of the insured, $11.25 if the insured died within six months, or $22.50 if the event occurred thereafter while the policy was in force. Sick benefits payable to the insured were $5 per week for a maximum of ten weeks, and $2.50 for an additional ten weeks. The premium was twenty-five cents per week, payable in advance.

Complaint is that the insured experienced difficulty in collecting sick benefits and was forced to employ an attorney. In January, 1944, the Company gave notice of cancellation, and, as the complaint states, ". . . re-

turned [to the insured] her remittance sent to keep the contract in force according to the written policy."[1]

Paragraph 17 of the policy is: "The Company may cancel or reduce this policy at any time by written notice delivered to the insured, . . . together with cash or the Company's check for the unearned portion of the premium actually paid by the insured, and such cancellation shall be without prejudice to any claim originating prior thereto. This clause applies to the disability insurance in this contract."

Appellant thinks the contract is severable; and so it is. This is true because twenty percent of the premium is for life insurance, and eighty percent for insurance against disability from sickness or accident. But the right of cancellation applies to "this policy," and "this policy" includes both classes of insurance. To make the meaning more certain, the Company added the last sentence to the seventeenth paragraph. It is not reasonably susceptible of the construction that the right to cancel "applies *only*" to disability coverage.

Since the issues were determined on demurrer there is no averment that unearned premiums were returned. This is a condition precedent to cancellation. However, appellant has supplied the deficiency by alleging that premiums she tendered "to keep the contract in force" were returned. It is also asserted that this was done "according to the written policy, which plaintiff makes an exhibit herein."

It thus appears that there were no unearned premiums. The money forwarded by the insured was sent "to keep the contract in force." If this fund was needed for the purpose mentioned, the converse is that without the payment the insurance would lapse, subject to a grace period of four weeks as to the life clause, and to non-liability for sick and accident claims if premiums are

[1] Elements of damage were that ". . . she has suffered great mental anguish, impairment of her health, mental strain upon her nerves, [causing] her to have restless nights; that her nerves are rendered shaky, [and] because of the act of cancellation of said policy contract without cause, and her condition being as it is, she has lost time and cannot work as she could before the acts of the defendant."

in arrears for two weeks or more; and subject, also, to the right of revival if not more than fifty-two premiums are due. In the latter case satisfactory evidence of insurability is essential.

Clearly the Company cannot cancel any rights that matured prior to giving the notice mentioned in Item 17. Any such effort would be ineffectual. That, however, is not the case here. No pending claim is mentioned. It is only contended that Item 17 does not reserve to the insurer an absolute right of cancellation. We think such privilege was retained, and that the complaint, when reinforced by tender of the policy, fails to state an actionable breach of contract, or a tortious transaction.

Affirmed.